IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-CV-02520

CENTURA HEALTH CORPORATION and PETER D. BANKO,

    Plaintiffs,

v.

JOHN DOE,

    Defendant.

___

**COMPLAINT AND JURY DEMAND**
___

Plaintiffs Centura Health Corporation ("Centura") and Peter D. Banko ("Banko") (together Plaintiffs), by and through their attorneys, Kutak Rock LLP, and for their Complaint and Jury Demand against one or more John Does ("Doe"), state and allege as follows:

**PARTIES**

1. Centura is a Colorado corporation with its principal place of business at 9100 E. Mineral Circle, Centennial, CO 80112.

2. Banko is an individual who resides in Sedalia, Colorado.

3. Upon information and belief, Doe is an individual, or individuals, who resides in this judicial district and who has intentionally and maliciously used Centura's and Banko's names and/or likenesses and caused confusion with Centura's registered trademarks without permission on various social media platforms in order to harass, defame, and cause harm to Centura's and Banko's reputations.

## JURISDICTION AND VENUE

4.  This is an action for trademark infringement, defamation, civil harassment, intentional infliction of emotional distress and invasion of privacy under Federal and Colorado law.

5.  This action is brought, in part, under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and in particular under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.

6.  Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 because Doe is in this judicial district and because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## GENERAL ALLEGATIONS

7.  Centura, a non-profit, Christian healthcare system based in Englewood, Colorado, was formed in 1996 and is an affiliation of Catholic Health Initiatives and Adventist Health System.

8.  Centura is comprised of seventeen hospitals, thirteen affiliate hospitals, health neighborhoods, health at home, urgent care centers and emergency rooms, mountain clinics, more than one hundred physician practices and clinics, and Flight For Life® Colorado.

9.  Centura's mission is to extend the healing ministry of Christ by caring for those who are ill and by nurturing the health of the people in its communities.

10.  Centura's core values include compassion, respect, integrity, spirituality, stewardship, imagination, and excellence.

11. Peter D. Banko is the President and Chief Executive Officer of Centura. He has served in both capacities since September 2017. Prior to becoming CEO, Banko was Centura's President and Chief Operating Officer.

### Centura's Registered Marks

12. Centura is the owner of U.S. Trademark Registration No. 2,919,071 for the mark CENTURA HEALTH®, registered on January 18, 2005 for "health care services; hospital services; hospice services; medical services; providing information in the field of medicine and health care" in International Class 44 (the "Trademark"). A true and accurate copy of Centura's U.S. Trademark Registration No. 2,919,071 is attached as **Exhibit A**, which is incorporated herein by reference

13. Centura has been using the "Trademark in commerce since at least June 1996.

14. Centura has the exclusive right to use the Trademark.

15. The Trademark is an important brand and Centura has established substantial goodwill in connection with this brand.

### John Doe's Illicit Activities

16. As part of its normal business operations, Centura utilizes services that monitor the Internet for the use of certain key terms, including "CENTURA."

17. On or about October 5, 2017, Centura was notified that an account on Twitter was using the word "Centura." Upon investigation, Centura discovered a Twitter account with the name "Peter Banko Centura" (the "Unauthorized Centura Account"). The twitter "handle" associated with the Unauthorized Centura Account is "@banko_peter."

3

18. Neither Centura nor Banko authorized anyone to create the Unauthorized Centura Account and had no role in the creation or use of the Unauthorized Centura Account.

19. Neither Centura nor Banko was aware of the existence of the Unauthorized Centura Account prior to Centura discovering the account at the beginning of October.

20. Upon reviewing the Unauthorized Centura Account, Centura and Banko learned that the account included numerous "tweets," "replies," and "likes." Among the tweets, replies and likes were numerous links to graphic and offensive pornographic images as well as links to numerous pornographic websites.

21. As a Christian organization that is focused on working to build wholeness and thriving communities through its delivery of healthcare, the pornographic images presented on the Unauthorized Centura Account were particularly damaging to Centura's reputation, mission, and values.

22. The Unauthorized Centura Account also included various "likes" and other comments that were not authored by Centura or by Banko. Each of these comments were untrue and directly contradictory to Centura's and Banko's personal beliefs and values.

23. Centura and Banko also discovered that the Unauthorized Centura Account was linked to various professional organizations affiliated with Centura, including Catholic Health Initiatives, Porter Adventist Hospital, Parker Adventist Hospital, and Adventist Health System. As a result of this linking, Centura's affiliates received direct access to the content presented on the Unauthorized Centura Account as well as the false understanding that the Unauthorized Centura Account reflected Centura's and Banko's opinions and beliefs.

4841-3676-7825.2

24. Upon information and belief, these links were created as part of Doe's systematic and targeted plan to harm Plaintiffs' reputations.

25. Upon information and belief, the Unauthorized Centura Account was created on or around September 28, 2017 by Doe.

26. Doe went to great lengths to create the false impression that the Unauthorized Centura Account was created and maintained by Plaintiff Banko. Among other things, Doe appropriated Banko's name and likeness by copying images from Plaintiff Banko's personal Facebook page and posted the images on the homepage for the Unauthorized Centura Account.

27. Doe also appropriated Centura's name in an unauthorized manner in tweets, replies, and likes concerning topics related to Centura and its business operations.

28. On or about October 10, 2017, Centura discovered a second Twitter account with the handle of "@peckerbankoh." The name of the account is "Pecker Bankoh" and the account was created on or around September 11, 2017.

29. Upon information and belief, the "Pecker Bankoh" account is also maintained by Doe.

30. As a result of Doe's actions, Doe has created the false impression that Centura and/or Banko approved of graphic pornographic materials.

31. Doe also posted false and disparaging statements about Banko and at least two other Centura executives on the Unauthorized Centura Account as well as on the other false and unauthorized accounts he maintained.

32. Upon information and belief, Doe also created email accounts targeting Centura and/or Banko.

33. Upon information and belief, Doe also created accounts on other Internet and social media sites, such as Disqus, that targeted Centura and/or Banko and used those accounts to post false and disparaging statements about Centura and/or Banko.

34. Upon information and belief, Doe has posted false and disparaging statements related to Centura and/or Banko to a number of news websites, including The Denver Post, The Colorado Springs Business Journal, and Wyoming Tribune Eagle, posing as Banko.

35. Centura and Banko cannot determine the identity of Doe based solely on publicly available information.

36. As of the date of this Complaint, Doe continues to remain active across a number of social platforms, including Twitter.

37. Doe's false and defamatory activities have outraged the Plaintiffs and have intentionally caused Banko severe emotional distress as Doe's use of and links to various offensive pornographic sites implies an affiliation with Plaintiffs that directly conflicts with Plaintiffs' policies, morals, principles, and standards of behavior.

## FIRST CLAIM FOR RELIEF
**(Trademark Infringement in Violation of the Lanham Act)**

38. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Centura is the owner of the Trademark, which is a registered U.S. trademark.

40. Doe's use of CENTURA on the Unauthorized Centura Account and other social media posts is likely to cause confusion, mistake, or deception with the Trademark to, among others, potential patients whereby they would be led to mistakenly believe that graphic pornographic websites are affiliated with, sponsored by, or connected with Centura.

6

41. Doe's use of CENTURA is without Centura's consent or permission.

42. Doe's use of CENTURA in a deliberate attempt to cause confusion with the Trademark constitutes willful, intentional, knowing, and bad faith trademark infringement of Centura's trademarks in violation of 15 U.S.C. § 1114(1).

43. Doe's conduct has caused and, unless enjoined, will continue to cause irreparable harm, monetary damage, loss, and injury to Centura.

44. Centura is without an adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(Defamation Per Se)**

45. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. Doe intentionally, or with reckless disregard for their falsity, made false and defamatory statements concerning Centura and Banko, including but not limited to the representation that Centura and Banko approved of graphic pornographic images and websites on various social media sites.

47. Doe intentionally, or with reckless disregard for their falsity, made unprivileged publications of the false and defamatory statements concerning Centura and Banko to at least one third party.

48. Doe intentionally, or with reckless disregard for their falsity, made false and defamatory statements concerning Centura and Banko that falsely impute a commission of a crime of moral turpitude or an unfitness to perform the duties of employment, or prejudice Plaintiffs in their profession or trade.

49. Doe's statements alleged herein constitute defamation *per se* in violation of the

7

common law of the State of Colorado as they are injurious to the reputation of Centura and Banko in their trade, business and profession.

50. As a result of Doe's defamation, Centura and Banko have suffered general damages for harm to reputation, special damages, and damages for mental suffering in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(Civil Harassment)

51. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Doe engaged in a knowing and willful course of conduct directed at Centura and Banko with the intent to seriously injure, terrify, threaten, or intimidate.

53. Doe engaged in such knowing and willful course of conduct with no legitimate purpose.

54. Such wrongful conduct by Doe alleged herein constitutes stalking and illegal harassment under the laws of Colorado.

55. As a result of Doe's stalking and civil harassment, Plaintiffs have suffered general damages and special damages in an amount to be determined at trial, including reasonable attorneys' fees and costs, and equitable relief as allowed under the laws of Colorado.

### FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

56. Banko hereby incorporates the allegations set forth in paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Doe's intentional, or at least reckless, conduct described herein is so outrageous in

character and extreme in degree as to go beyond all possible bounds of decency.

58. Doe's intentional, or at least reckless, conduct described herein is to be regarded as atrocious and utterly intolerable in a civilized community.

59. Doe's intentional, or at least reckless, conduct described herein caused Banko emotional distress so severe that no reasonable person should be expected to endure it.

60. Doe's intentional, or at least reckless, conduct alleged herein constitutes Intentional Infliction of Emotional Distress under the laws of Colorado.

61. Doe's intentional, or at least reckless, conduct described herein is a proximate cause of general and special damages to Banko, as described above, in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**(Invasion of Privacy by Appropriation)**

62. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. Doe used the names and likeness of the Plaintiffs without authorization on various social media sites.

64. Doe's use of Plaintiff's names and/or likenesses was for Doe's own purposes or benefit, commercially or otherwise.

65. As a result of Doe's appropriation, Plaintiffs have suffered general damages and special damages in an amount to be determined at trial.

**SIXTH CLAIM FOR RELIEF**
**(Injunctive Relief)**

66. Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 65

9

of the Complaint as if fully set forth herein.

67. Doe has engaged in conduct, and continues to engage in conduct, specifically intended to damage Plaintiffs' reputation and to impugn Plaintiffs' morals and values.

68. Does has engaged in conduct, and continues to engage in conduct, specifically intended to damage Plaintiffs' relationships with Centura's business affiliates, including by damaging Plaintiffs' reputation and by misrepresenting Plaintiffs' beliefs and values.

69. Doe published or caused to be published one or more false statements of fact concerning Centura and Banko, including by misrepresenting endorsement of graphic pornographic materials that neither Centura nor Banko endorse.

70. The statements are defamatory *per se* because the statements, on their face and without any additional proof, are injurious to the reputation of Centura and Banko in their trade, business and profession.

71. Doe has published or caused to be published multiple false and defamatory statements concerning Centura, Banko, and other Centura executives concerning their personal views and views related to Centura's business and the healthcare industry.

72. Upon information or belief, Doe intends to continue to publish false and defamatory statements concerning Centura, Banko, and other Centura executives in the future.

73. Reasonable efforts have been made to ascertain the true identity of Doe and to prevent such actions by Doe from continuing in the future.

74. As a result of Doe's actions, Centura and Banko have sustained and will continue to sustain irreparable injury.

75. Centura and Banko are left without an adequate remedy at law because, among

10

other things, the damage to existing and prospective patient and affiliate partner relationships cannot be determined as a matter of law.

76. Injunctive relief, including in the form of discovery, are the only way to remedy Doe's injurious actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Centura Health Corporation and Peter D. Banko pray that judgment be entered in their favor and against Defendant John Doe on each and every claim asserted herein, and that they be awarded the following relief:

a. Permanent injunctive relief that prohibits Defendant from continuing to engage in the conduct complained of herein;

b. Monetary damages, including special damages, in an amount to be calculated at trial;

c. All applicable statutory penalties;

d. Pre-judgment interest;

e. Post-judgment interest; and

f. Litigation costs and expenses, including reasonable attorneys' fees; and

g. Any such further preliminary or permanent relief, including equitable relief, as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs Centura Health Corporation and Peter D. Banko demand a jury trial on all issues so triable.

Respectfully submitted this 20th day of October, 2017.

        KUTAK ROCK LLP

        *s/ Chad T. Nitta*
        Chad T. Nitta
        Blair E. Kanis
        1801 California St., Suite 3000
        Denver, CO 80202
        Tel:  303-297-2400
        Fax:  303-292-7799
        chad.nitta@kutakrock.com
        blair.kanis@kutakrock.com

        *ATTORNEYS FOR PLAINTIFF*